### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

_____
DEBORAH KATZ PUESCHEL,      )
                       )
     Plaintiff,       )
                       )
     v.               )     Civil Action No. 99-2556 (RWR)
                       )
NATIONAL AIR TRAFFIC     )
CONTROLLERS' ASSOCIATION,   )
                       )
     Defendant.       )
_____)

### MEMORANDUM OPINION AND ORDER

Plaintiff Deborah Katz Pueschel filed this lawsuit against her union, the National Air Traffic Controllers' Association ("NATCA"), alleging that NATCA violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.  A Memorandum Opinion and Order issued on August 5, 2002 ("Opinion"), dismissed as untimely all of Pueschel's claims except for her claim that her termination was unlawful retaliation.  Pueschel moves for clarification of whether under the Opinion the earlier incidents of discrimination are discoverable, and reconsideration of whether she timely alleged a hostile work environment claim in light of National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002).  Because Pueschel has not demonstrated that justice requires reconsideration of the August 5, 2002 Opinion, and because Pueschel improperly seeks an advisory opinion regarding permissible discovery, Pueschel's motion will be denied.

-2-

BACKGROUND

The background of this case is discussed fully in the August 5, 2002 Opinion.  Briefly, Pueschel was an air traffic controller with the Federal Aviation Administration ("FAA") and a member of NATCA.  In 1997, Pueschel filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against NATCA.  After the EEOC dismissed Pueschel's charge as untimely, she filed suit against NATCA for the same violations.  That suit was dismissed as untimely.  See Pueschel v. National Air Traffic Controllers' Ass'n, 172 F.3d 920 (D.C. Cir. 1998) (affirming the district court's dismissal of plaintiff's case as untimely).

Later, on January 28, 1999, Pueschel learned that she had been removed as an air traffic controller specialist, effective January 15, 1999, because of her inability to work.  Pueschel contacted an EEO counselor on February 13, 1999; she filed a formal discrimination complaint with the Department of Transportation on April 30, 1999; she filed a formal charge of discrimination with the EEOC on May 30, 1999; and she filed this lawsuit on September 27, 1999, alleging that NACTA violated Title VII by discriminating and retaliating against her, harassing her, failing to accommodate her, and failing to prevent the FAA from harassing her, discriminating against her, and retaliating against her.

-3-

NATCA moved to dismiss Pueschel's claims, arguing in part that Pueschel had not pled an adequate claim of unlawful discrimination under Title VII.  The Opinion decided that Pueschel had adequately pled a claim of unlawful retaliation under Title VII.  Opinion at 8.  However, the Opinion determined that Pueschel could bring claims only for incidents of discrimination that occurred within 45 days of February 13, 1999, the date she contacted an EEO counselor, and that the only incident alleged in her complaint that occurred in that time frame was her termination.  (Id. at 9.)  Therefore, Pueschel's sole remaining claim from her complaint is that NATCA caused and unlawfully failed to prevent her termination in retaliation for a prior successful sexual harassment lawsuit.  While Pueschel argued that the alleged earlier incidents of discriminatory conduct were part of a "continuing violation," the Opinion specifically determined that "the allegations of earlier discrimination and harassment are untimely and are not sufficiently related to be saved by the continuing violation doctrine."  (Id. at 12.)

Citing Morgan, Pueschel has moved for reconsideration of the Opinion to the extent it disallowed any hostile work environment claim, and clarification as to whether she may seek in discovery evidence of incidents of discrimination that were deemed untimely by the Opinion.  Defendant opposes the motion, arguing that it is

-4-

merely an attempt to circumvent the limitations period that has already been found to bar the claims that Pueschel seeks to introduce.

DISCUSSION

I.   RECONSIDERATION

A motion for reconsideration is governed by Rule 54(b) of the Federal Rules of Civil Procedure.  See Childers v. Slater, 197 F.R.D. 185, 190 (D.D.C. 2000).  That rule provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).  Under Rule 54(b), a trial court may grant reconsideration "as justice requires."  Marshall v. Honeywell Tech. Solutions, Inc, Civil Action No. 05-2502 (RWR), 2009 WL 427312, at *2 (D.D.C. February 23, 2009) (citing Campbell v. U.S. Dep't of Justice, 231 F. Supp. 2d 1, 7 (D.D.C. 2002)).  However, in order to promote finality, predictability and economy of judicial resources, "as a rule [a] court should be loathe to [revisit its own prior decisions] in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice."  Lederman v. United States, 539 F. Supp. 2d

-5-

1, 2 (D.D.C. 2008) (quoting <u>Christianson v. Colt Indus. Operating</u> <u>Corp.</u>, 486 U.S. 800, 817 (1988)).  Reconsideration may be warranted where there was a patent misunderstanding of the parties, where a decision was made that exceeded the issues presented, where a court failed to consider controlling law, or where a significant change in the law occurred after the decision was rendered.  <u>Singh v. George Washington Univ.</u>, 383 F. Supp. 2d 99, 101 (D.D.C. 2005).  The moving party has the burden of showing that reconsideration is warranted, and that some harm or injustice would result if reconsideration were to be denied.  <u>In</u> <u>Def. of Animals v. Nat'l Institute of Health</u>, 543 F. Supp. 2d 70, 76 (D.D.C. 2008).

Pueschel argues that the August 5, 2002 Opinion erred by failing to determine that incidents of discrimination that occurred between 1994 and her termination in 1999 should be part of a surviving claim of hostile environment discrimination under Title VII.  She essentially seeks to revive a hostile work environment claim by alleging that <u>Morgan</u> would allow her to go forward.  However, Pueschel fails to provide any new evidence reflecting any misunderstanding of this claim, or show that the Opinion was erroneous when it determined that the previous incidents of discrimination of which she complains were not sufficiently connected to events that occurred during the limitations period to allow them to be part of a hostile work

-6-

environment claim.   The parties already argued in their briefs
regarding the motion to dismiss (see Pl.'s Opp'n to Def.'s Mot.
to Dismiss at 9-10; Def.'s Reply in Supp. of Mot. to Dismiss
at 4-5) about whether the previous incidents were sufficiently
connected, and the August 2002 Opinion explicitly analyzed this
issue and ruled against Pueschel.  Opinion at 11-12.  "[W]here
litigants have once battled for the court's decision, they should
[not] be . . . permitted[] to battle for it again."  Singh, 383
F. Supp. 2d at 101-102 (internal quotations and citations
omitted).

Notably, Pueschel's assertion that these incidents occurred
between 1994 and 1999 is unsupported by the complaint and is
contradicted by an earlier brief she filed.   The hostile work
environment facts that Pueschel alleges are relevant are found in
paragraph 15 of her complaint which alleges that

> NATCA has posted newspaper reports about plaintiff on
> its bulletin board.  This posting contributed to
> further hostilities.  Plaintiff has been criticized for
> her activities and called offensive names and
> descriptions by NATCA members and officials.  Upon
> information and belief, there were comments by NATCA
> members that it was hoped that plaintiff would be fired
> for what she did to [former FAA official] Sullivan.

(Compl. ¶ 15.)  However, the complaint neither provides dates for
when that behavior occurred, nor specifies that the cited
behavior occurred between 1994 and 1999.  Moreover, Pueschel's
earlier brief in opposition to defendant's motion to dismiss,
filed in 1999, reflects that the hostile name-calling and

-7-

comments directed at her occurred before 1983 when a Fourth
Circuit opinion in Pueschel's earlier case, Katz v. Dole, 709
F.2d 251 (1983), mentioned that conduct.  See Pl.'s Opp'n to Mot.
to Dismiss at 4 ("Judge Ervin had noted that Sullivan testified
that he had heard controllers referring to [Pueschel] by
obscenities.").

Because the August 5, 2002 Opinion separately concluded that
there was an insufficient relationship between the previous
claims and the retaliation to support a continuing violation
theory, Pueschel has not shown a basis for concluding that there
is a sufficient nexus in time or substance for her to adequately
plead a hostile work environment claim that should have survived
the defendant's motion to dismiss.  Therefore, Pueschel does not
show that justice requires reconsideration of the Opinion.

II.  DISCOVERY

Pueschel alleges that the defendants have objected to
discovery requests she has made concerning incidents that were
dismissed in the Opinion as untimely.  She seeks an order
clarifying that the Opinion did not preclude her from discovering
such background evidence.  Her motion does not set forth the text
of any discovery request to which the defendant objected, much
less the text of any objection.  In that posture, there is
no concrete discovery dispute upon which to rule.  Pueschel's
generic question is in essence a request for an advisory opinion,

-8-

something federal courts are not empowered to render.  <u>See</u> <u>Steel</u> <u>Co. v. Citizens for a Better Environment</u>, 523 U.S. 83, 101, 104 (1998) (Article III's case-or-controversy requirement precludes federal courts from issuing advisory opinions based on abstract issues).  Her request for clarification, then, will be denied.

<u>CONCLUSION AND ORDER</u>

Because Pueschel has not shown that justice requires reconsideration of the August 2002 Opinion, and because she has not presented in this motion a concrete discovery dispute amenable to a ruling other than an advisory opinion, her motion will be denied.  Accordingly, it is hereby

ORDERED that plaintiff's motion [34] for clarification and reconsideration be, and hereby is, DENIED.

SIGNED this 30th day of March, 2009.

                              _____/s/_____
                              RICHARD W. ROBERTS
                              United States District Judge