**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                  )
**DEBORAH KATZ PUESCHEL,**        )
                                  )
    **Plaintiff,**               )
                                  )
    v.                          )   Civil Action No. 99-2556 (RWR)
                                  )
**NATIONAL AIR TRAFFIC**          )
**CONTROLLERS ASSOCIATION,**      )
                                  )
    **Defendant.**               )
_____)

**MEMORANDUM OPINION**

Plaintiff Deborah Katz Pueschel filed this lawsuit against her union, the National Air Traffic Controllers' Association ("NATCA"), alleging that NATCA violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. A memorandum opinion and order issued on August 5, 2002 ("2002 Opinion"), dismissed as untimely all of Pueschel's claims except for her claim that the union's actions surrounding her termination constituted unlawful retaliation. NATCA has moved for summary judgment on Pueschel's sole remaining claim. Because there are no genuine issues of material fact in dispute and the defendant is entitled to judgment as a matter of law, NATCA's motion will be granted.

BACKGROUND

The background of this case is discussed fully in the 2002 Opinion, and in Pueschel v. Nat'l Air Traffic Conrollers' Ass'n,

606 F. Supp. 2d 82, 83-84 (D.D.C. 2009).  Briefly, Pueschel was an air traffic controller with the Federal Aviation Administration ("FAA") and a member of NATCA.  In early 1994, Pueschel's work schedule was changed against her wishes.  She asserts that the change resulted in a stress-induced reaction that forced her to be absent from work on medical leave from April 1994 through 1999.[1]  2002 Opinion at 2.  (See Compl. ¶¶ 10-12.)

On January 28, 1999, Pueschel learned that she had been terminated as of January 15, 1999, because of her inability to work as an air traffic controller.  (Compl. ¶ 13; Pl.'s Opp'n to Def.'s Mot. to Dismiss at 3, 9; see also Def.'s Mem. Ex. A, Notice of Removal at 1.)  Pueschel contacted an equal employment opportunity ("EEO") counselor on February 13, 1999, filed a complaint of discrimination against NATCA with the Department of Transportation on April 30, 1999, and filed a charge against NATCA with the EEOC on May 30, 1999.  (Compl. ¶¶ 16-17; see also Pl's Opp'n at 3; Def.'s Stmt. of Mat. Facts ("Def.'s Stmt.") ¶ 6.)  Pueschel filed her complaint in this case against NATCA in September 1999, alleging that NATCA violated Title VII by discriminating against her and retaliating against her, harassing

---

[1] In 1997, she filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against NATCA.  The EEOC dismissed her charge as untimely.  Pueschel filed suit against NATCA for the same violations, and that suit was dismissed as untimely.  Pueschel, 606 F. Supp. 2d at 84.

her, failing to accommodate her, and by failing to prevent the FAA from mistreating her. Pueschel, 606 F. Supp. 2d at 84. The 2002 opinion dismissed all of Pueschel's claims except for her claim that NATCA engaged in unlawful discrimination under Title VII by causing or attempting to cause the FAA to retaliate against her by terminating her employment. However, that opinion also determined that Pueschel could bring claims only for incidents of discrimination that occurred within 45 days of February 13, 1999, and that the only incident alleged in her complaint that occurred in that time frame was her termination. 2002 Opinion at 9, 12.

Pueschel moved in 2008 for reconsideration and clarification of the portion of 2002 Opinion that held that she had not timely alleged a hostile work environment claim. (See Pl's Mot. to Clarify at 1.) Her motion was denied in an opinion holding that Pueschel failed to "provide any new evidence reflecting any misunderstanding of [her hostile work environment] claim, or show that the [2002 Opinion] was erroneous when it determined that the previous incidents of discrimination of which she complains were not sufficiently connected to events that occurred during the limitations period to allow them to be part of a hostile work environment claim." Pueschel, 606 F. Supp. 2d at 85.

NATCA has moved for summary judgment, arguing that Pueschel has not presented evidence that NATCA was responsible for her

termination, or that NATCA engaged in any discriminatory conduct within the relevant limitations period. (Def.'s Stmt. ¶ 7; Def.'s Mem. in Supp. of Mot. for Summ. J. ("Def.'s Mem.") at 4-7.) Pueschel opposes, arguing that the previous opinions erred by determining that Pueschel is limited to incidents that occurred within 45 days of the date she contacted the EEO counselor, and that the previous opinions erred by prohibiting her from advancing her claim that she was subjected to a hostile work environment. (Pl.'s Opp'n at 3-4.)

## DISCUSSION

"Summary judgment may be appropriately granted when the moving party demonstrates that there is no genuine issue as to any material fact and that moving party is entitled to judgment as a matter of law." Bonaccorsy v. Dist. of Columbia, 685 F. Supp. 2d 18, 22 (D.D.C. 2010) (citing Fed. R. Civ. P. 56(c)). "In considering a motion for summary judgment, [a court is to draw] all 'justifiable inferences' from the evidence . . . in favor of the nonmovant." Cruz-Packer v. Dist. of Columbia, 539 F. Supp. 2d 181, 189 (D.D.C. 2008) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "However, a non-moving party cannot defeat summary judgment by 'simply show[ing] that there is some metaphysical doubt as to the material facts.'" Bonaccorsy, 685 F. Supp. 2d at 22 (quoting

Moore v. Hartman, 571 F.3d 62, 66 (D.C. Cir. 2009) (quoting Matsushita, 475 U.S. at 586)). "'Briefs containing mere allegations or merely denying the movant's pleading are not enough to prevent summary judgment; instead, a non-movant must go beyond the pleadings to proffer specific facts rebutting the movant's assertions.'" Bonaccorsy, 685 F. Supp. 2d at 22 (quoting Graham v. Holder, 657 F. Supp. 2d 210, 215 (D.D.C. 2009) (citing Greer v. Paulson, 505 F.3d 1306, 1315 (D.C. Cir. 2007), and Burke v. Gould, 286 F.3d 513, 517-18 (D.C. Cir. 2002)). "The relevant inquiry 'is the threshold inquiry of determining whether there is a need for a trial - - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" Single Stick, Inc. v. Johanns, 601 F. Supp. 2d 307, 312 (D.D.C. 2009) (quoting Anderson, 477 U.S. at 250). A court should determine that a genuine issue is present in a case where the "evidence is such that a reasonable jury could return a verdict for the non-moving party," a situation distinguishable from a case where the evidence is "so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 248, 252. "'The possibility that a jury might speculate in the plaintiff's favor is insufficient to defeat summary judgment.'" Pardo-Kronemann v. Donovan, 601 F.3d 599, 611 (D.C. Cir. 2010) (affirming grant of summary judgment despite

statements by the plaintiff's supervisor that the adverse employment action came from the administrative office where the plaintiff "had some pretty powerful enemies," because the statements reflected a personal opinion insufficient for a reasonable jury to conclude that the employer's explanation was pretext for retaliation) (quoting Haynes v. Williams, 392 F.3d 478, 485 (D.C. Cir. 2004).

Title VII provides that a labor organization such as NATCA engages in an unlawful employment practice when it "cause[s] or attempt[s] to cause" an employer to discriminate or retaliate against an employee in violation of Title VII, or when the labor organization discriminates against a member because she has opposed an unlawful employment practice or because she "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" brought under Title VII. See 42 U.S.C. 2000e-2(c), 42 U.S.C. 2000e-3. The 2002 Opinion preserved Pueschel's claim that NATCA caused or attempted to cause the FAA to retaliate against her for protected activity[2] by terminating her employment. See 2002 Opinion at 8. To advance her retaliation claim against NATCA, Pueschel "must show 1) that she engaged in a statutorily protected activity; 2) that [the

---

[2] Plaintiff's complaint alleged that in 1983, a court found in a lawsuit she filed that FAA supervisors committed sexual harassment. The complaint also alleged she had submitted a statement to Congress in 1997 regarding the FAA, NATCA, and her experience of a hostile work environment. (Compl. ¶¶ 7, 9.)

FAA] took an adverse personnel action; 3) that a casual connection existed between the two," and 4) "a causal connection [existed] between the Union's acts and her injuries." Brown v. Brody, 199 F.3d 446, 452 (D.C. Cir. 1999); Burke v. CWA Local 1109, No. 07-CV-3595, 2009 WL 3805517, at *3 (E.D.N.Y., November 12, 2009).

NATCA argues that judgment should be entered for it against Pueschel's complaint because Pueschel has not shown that the Union bears any responsibility for the termination of her employment by the FAA, and because all of the other purported incidents of discrimination alleged by Pueschel are time barred. The 2002 Opinion found that Pueschel was bound by the provisions of 29 C.F.R. § 1614.105(a)(1), which require a federal employee to notify an EEO counselor within 45 days of an alleged discriminatory incident in order to timely pursue administrative remedies as a prerequisite to filing a civil action. Pueschel contacted her EEO counselor on February 13, 1999. (See 2002 Opinion at 10; Pl's Opp'n at 3; Def.'s Stmt. ¶ 6.) Under the 2002 Opinion, then, her discrimination claim could include incidents of discrimination that occurred on or after December 30, 1998. However, Pueschel argues that the limitation period in 29 C.F.R. § 1614.105(a)(1) should not apply because, though Pueschel was a federal employee, she brought this action against the union she belonged to, not against her employer.

Therefore, Pueschel seeks to apply the 180-day limitation period found in 42 U.S.C. 2000e-5(e)(1). (See Pl.'s Opp'n at 3.) That provision states, in relevant part, "[a] charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred[.]" 42 U.S.C. 2000e-5(e)(1); see also Carter v. Wash. Metro. Area Transit Auth., 503 F.3d 143, 145 (D.C. Cir. 2007). Pueschel filed her charge of discrimination with the EEOC on May 30, 1999, meaning that if her method of calculation were used, her complaint could incorporate incidents of discrimination that occurred after December 1, 1998.

While at least one opinion in this district has applied the limitations period found in 29 C.F.R. § 1614.105(a)(1) to a plaintiff bringing a Title VII action against a labor organization, see Ivey v. National Treasury Employees Union, Civil Action No. 05-1147 (EGS), 2007 WL 915229, at *3 (D.D.C. March 27, 2007), the issue of which limitations period to apply does not need to be decided here because even applying the more lenient limitations period sought by Pueschel, her claim against NATCA can include only the assertion that NATCA discriminated or retaliated against her by somehow causing, or failing to prevent, the termination of her employment - - the only incident she has alleged that falls within the periods of time covered by either standard. Pueschel attaches to her opposition an affidavit from

a colleague that was completed in September 1998, months outside of the relevant window of either limitation period[3]; a letter written by Pueschel's psychiatrist in April 1998 detailing the results of an examination of Pueschel that occurred on March 24, 1998; and Pueschel's own affidavit, executed in August 2009, stating that she was told repeatedly by "Union members and officials" in 1997 and 1998 that "they were going to get me fired," and describing a June 1998 interaction that she had with a supervisor at the entrance of the Air Traffic Control Tower in Jacksonville, Florida. None describes any events on or after December 1, 1998. (Pl.'s Opp'n, Exs. 1-3.)

Further, not only do Pueschel's attachments fail to cite additional incidents of discrimination within the limitations period other than her termination, but they are also not sufficient to create a genuine issue of material fact as to whether there was a causal connection between NATCA and Pueschel's termination. Pueschel has not presented evidence showing that NATCA had any particular influence over the FAA's

---

[3] Paragraph 3 of Pueschel's statement of material facts states that "beginning in 1993 and continuing for as long as plaintiff was employed by the FAA, i.e., until January 1999, members and officials of the Defendant Union began stating openly that plaintiff, 'should be fired' and 'should have been fired a long time ago.'" (Pl.'s Stmt. of Mat. Facts, ¶ 3.) However, that paragraph cites Pueschel's Exhibit 1, the McClure Affidavit, which was dated September 27, 1998. Therefore, paragraph 3 does not pertain to incidents of discrimination that occurred within the limitations period.

decision to terminate her employment, nor does it set forth any specific steps that NATCA took to cause, or attempt to cause, the termination of her employment.  Nor has Pueschel shown or alleged that she asked NATCA to file a grievance on her behalf regarding her termination and NATCA failed or refused to do so.  (See Def.'s Mem. at 7.)  Where a plaintiff fails to ask her union to process a grievance to remedy an employment action, she "'cannot complain that the Union failed to represent'" her adequately regarding that action.  Badlam v. Reynolds Metals Co., 46 F. Supp. 2d 187, 203 (N.D.N.Y 1999) (quoting Flanigan v. Int'l Bhd. of Teamsters, Local No. 671, 942 F.2d 824, 829 (2d Cir. 1991)).  Finally, Pueschel has again provided no new evidence showing any error in the determination that the previous incidents of discrimination of which she complained were not sufficiently connected to events that occurred during the limitations period to allow them to be part of a hostile work environment claim under a continuing violation theory.  Therefore, Pueschel has not met her burden, and NATCA's motion will be granted.

## CONCLUSION

Because Pueschel has not shown the presence of a genuine issue of material fact and NATCA is entitled to judgment as a matter of law, NATCA's motion for summary judgment will be granted.  An appropriate order accompanies this memorandum opinion.

SIGNED this 25th day of March, 2011.

                                                     /s/
                                     RICHARD W. ROBERTS
                                     United States District Judge